## WOODBRIDGE v. WINTHROP.

A garnishee who once admits himself to be liable upon record, is estopped from saying afterwards, that he is not.

A garnishee may avail himself upon a *scire facias* of his principal's not being an absconding debtor at the time of the copy's being left in service.

SCIRE FACIAS against said Winthrop as agent, factor, trustee, etc. to Joseph Woodbridge, an absent absconding debtor.

Plea in bar — That said Joseph was not at the date and service of the original writ, an absent absconding debtor; and the defendant had paid and delivered to said Joseph all the effects of said Joseph's which were in his hand and possession.

Plaintiff replied — That said Joseph was described in said original writ and in the copy left with the defendant, to be an absent absconding debtor, by which he had right by law and in fact did appear and defend said Joseph, his principal in said cause; that the defendant having in his hands a much greater sum than was due to the plaintiff, said Joseph instituted a suit against him for it, and before the special Superior

Court, holden at New London in July A. D. 1789, recovered judgment for the same against the defendant, at which time the defendant moved said court for a stay of said Joseph's execution, upon the ground of the plaintiff's foreign attachment lying against him; upon which said court ordered said execution to be stayed until said Joseph procured and gave to the defendant a good bond with surety sufficient to indemnify him against said foreign attachment, which was accordingly done before said execution was taken out; that said Joseph was a bankrupt, and the defendant estopped to say that said Joseph was not an absent absconding debtor, upon the *scire facias.*

The defendant rejoined, traversing the defendant's appearing and taking upon him the defense of said Joseph in the original suit, as attorney to him. To which the plaintiff demurred.

Judgment — That the rejoinder of the defendant is insufficient.

The court supposed that the defendant had admitted himself to be liable on said foreign attachment, by moving for a stay of said Joseph's execution on that account, until he was indemnified against it; and the court's granting said motion and ordering said execution to be stayed, until he was indemnified by said Joseph against said foreign attachment, amounted to a confession of judgment against himself and recognized by the court, by ordering said execution to be stayed till indemnified — whereby he was estopped to plead that said Joseph was not an absent absconding debtor, or in any way to avail himself of the payment made by him to said Joseph under these circumstances: For the whole ground of the motion and of the court's order upon it, is the admission of the defendant, that he was liable on said foreign attachment; for if said Joseph was not an absent and absconding debtor, at the time the copy of the original writ was left with him in service, he must have known it at the time when the special Superior Court sat in July A. D. 1789, and that was a good defense for a garnishee upon a *scire facias,* and so needed not to have moved the court for a suspension of the execution.

This judgment was reversed in the Supreme Court of Errors, in June A. D. 1794 — for the following reasons.

THERE are two questions which arise on these pleadings — 1st. Whether Winthrop, the garnishee, had a right to plead in bar of the suit against him, that Joseph Woodbridge, the defendant in the original action, was not an absent or absconding debtor, as he has done, and if so, 2d. Whether this is a good defense.

As to the first point, it may be laid down as a general rule, that what may be pleaded to the original action cannot regularly be pleaded to the *scire facias*. And it may also be admitted, that the defendant in the original action might himself have taken advantage of the misdescription in question, by way of abatement, and if he should waive this advantage and plead to the merits, he would afterwards be estopped to say he was not an absent or absconding debtor. But it cannot be admitted that the garnishee, by force of the statute, entitled an act for the recovery of debts out of the estate or effects of absent or absconding debtors, his principal not being in fact an absent or absconding debtor, might, as attorney created by the said statute have taken advantage of the same misdescription, for his right of appearing and defending in the suit rests wholly on this ground, that he is in truth the factor, agent or trustee of the defendant, being an absent or absconding debtor, and if the defendant be not in fact an absent or absconding debtor, no power is given to the garnishee by the statute as attorney in the case; and if he should appear and plead in abatement of the suit, that the defendant was not an absent or absconding debtor, he would assume a fact, which if true, would destroy his own existence as an attorney, and evince that he had no business to intermeddle in the case.

But further, if it should be admitted, that he had right to appear and to plead to this fact in abatement and he should neglect to do it, and plead to the merits, still as this defense respects his principal merely, his principal only would be

bound by it, and in that case he alone would be estopped to say he was not an absent absconding debtor, for the defense of the attorney would be contemplated in the same light as if it had been made by the principal himself actually present in court, and could no more prejudice his future defense as garnishee; but clearly if such defense had been made by the principal himself present in court, it would be unreasonable that the garnishee, should by such defense over which he had no control, be estopped to plead the fact to the *scire facias,* if it would make him a good defense.

He ought not indeed to be allowed to plead any matter which goes to show that the plaintiff in the original action, had no just demand against the defendant, or that the judgment ought in any manner to be altered or varied. Yet if the fact, that the original debtor was not an absent or absconding debtor, would afford a good defense against the *scire facias* by the statute, the garnishee ought to be allowed to plead it, upon either principle of the foregoing reasoning; as his defense rests upon the provisions of the statute, and is totally distinct from the defense in the original action, neither the subject nor the parties being the same.

As to the second point, Whether the plea that the defendant in the original action was not an absent or absconding debtor be a good defense against a *scire facias,* as it is pleaded, there can be little doubt, for it stands confessed upon the pleadings to be a fact, though the plaintiff in his reply endeavors to avoid it, by saying that the fact could not now be called in question. But if the foregoing reasoning be conclusive, the fact is well pleaded, and consequently it appears that the defendant in the original action was not an absent or absconding debtor, this being so, the effects of the original defendant, in his, the garnishee's hands were not liable and subject to execution, granted upon the judgment in said action, for by the express words of the statute, they are liable and holden, subject to such execution only, in case the defendant in the original action was an absent or absconding debtor.